IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI CAMPBELL,　　　　　　　　　)
　　　　　　　　　　　　　　　　　) No. 13-1204
　　　Plaintiff,　　　　　　　　　　)

　　v.

CAROLYN W. COLVIN,

　　　Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this action, following five prior applications for benefits, all of which were denied, Plaintiff filed the subject application for disability benefits pursuant to the Social Security Act. Plaintiff alleged disability due to a back condition, diabetes, arthritis, migraines, depression, and anxiety, with a date of onset of September 30, 2009. The application was denied upon hearing. This appeal followed, and the parties' cross-motions are now before the Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

First, Plaintiff asserts that the ALJ erred in assessing the opinion of Dr. Lee, Plaintiff's treating physiatrist. In a consent motion to remand, Defendant stated that the Appeals Council had determined that further evaluation was warranted, and that an ALJ would conduct further proceedings on remand, "including, but not limited to, further evaluation of the opinion of Kuk Le, [sic] M.D.," and Plaintiff's RFC. Plaintiff now contends that the ALJ failed to consider Dr. Lee's opinion in light of factors identified by applicable regulations.

2

Treating physicians' reports are entitled to great weight, if they are well-supported by diagnostic evidence and are consistent with other medical evidence of record. Robleto v. Barnhart, 2006 U.S. Dist. LEXIS 71861, at *12 (E.D. Pa. Sept. 28, 2006). Accordingly, an ALJ may afford a treating physician's opinion more or less weight, depending on the extent to which supporting explanations are provided. 20 CFR § 404.1527(d)(3). If the ALJ decides to afford such evidence less weight, he must give an explanation for doing so. Myers v. Astrue, 2011 U.S. Dist. LEXIS 69175, at *21 (W.D. Pa. June 28, 2011). "Having considered [the physician's] opinions and explained his reason for rejecting them, the ALJ was 'free to choose the medical opinion of one physician over that of another.'" Id. at *28. Moreover, an ALJ is not required to explicitly discuss the factors listed in SSR 06-3p, relating to the weighing of medical opinions; indeed, not every factor will apply in every case. Endriss v. Astrue, 506 Fed. Appx. 772, 778 (10th Cir. 2012); Pulos v. Astrue, 2010 U.S. Dist. LEXIS 56580, at *35 (W.D. Pa. June 9, 2010).

I have carefully reviewed the parties' briefs, the medical evidence of record, and the ALJ's decision. The ALJ considered Dr. Lee's opinions, and explained why he decided not to afford them controlling weight. He also considered the other medical evidence of record, along with Plaintiff's activities of daily living. The ALJ did not reject Dr. Lee's opinions due to the opinions offered by the other medical opinion sources; similarly, the ALJ did not reject Dr. Lee's opinions because they were based on subjective pain complaints. Instead, he accorded the opinions limited weight because of internal inconsistencies and lack of supporting objective findings. Again, I cannot conduct a de novo review; I may only review the ALJ's findings and conclusions and evaluate whether they are supported by substantial evidence. 42 U.S.C. § 405(g). Under the circumstances present here, the ALJ's approach to the evidence regarding Dr. Lee is sufficient.

Next, Plaintiff asserts that the ALJ dealt improperly with her activities of daily living. The ALJ noted that Plaintiff testified that she cares for her personal hygiene, occasionally prepares light meals, washes dishes if there are not many, and makes her own bed. He also noted that Plaintiff reported, on a form, that she drives, handles her finances, and talks on the telephone. Plaintiff, however, contends that the ALJ's description of her activities overstates those activities; that, for example, he failed to note that she drives, at most, three times per month. Contrary to Plaintiff's suggestion, however, this case is unlike Reider v. Apfel, 115 F. Supp. 2d 496 (M.D. Pa. 2000), on which Plaintiff relies. Here, unlike in Reider, the ALJ did not "rely heavily" on an inflated view of Plaintiff's activities to question her overall credibility. Instead, the ALJ noted that "claimant has described daily activities that are significantly limited." Then, because objective medical evidence did not support such limitations, that lack of support affected Plaintiff's credibility.[1] He did not rely on her activities to show an ability to engage in substantial gainful activity. Moreover, omitting details regarding a Plaintiff's activities of daily living does not necessarily amount to inaccurately describing those activities. Under the circumstances present in this case, I find no error in that regard.

Finally, Plaintiff contends that the mental RFC for "no fast-paced production requirements" and only occasional interaction with the general public failed to account for his findings regarding moderate limitations of persistence, concentration, and pace. Here, the RFC incorporated "simple, routine, and repetitive tasks performed in an environment free of fast paced production requirements; involves only simple, work related decisions with few, in [sic] any workplace changes; and involves no more than occasional interaction with the public." However, a job limitation to simple, unskilled work accounts for concentration; a limitation of no

---

[1] It is true that the ALJ, elsewhere in his decision, noted that Plaintiff had "no more than a mild limitation" in activities of daily living.

fast-paced production work accounts for difficulties with pace. Day v. Astrue, 2012 U.S. Dist. LEXIS 54386, at *39 (S.D. Ind. Apr. 14, 2012). Courts have rejected the notion that RFC limitations on simple, repetitive work with static and predictable duties fail to accommodate moderate concentration, persistence, and pace limitations. E.g., Eason v. Colvin, 2014 U.S. Dist. LEXIS 69108, at **15-16 (N.D. Oh. May 20, 2014). In this case, the RFC adequately accommodated the ALJ's non-exertional findings regarding concentration, persistence, and pace.

### III. CONCLUSION

For the foregoing reasons, I find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 3rd day of July, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court